# Supreme Court of Florida

_____

No. SC22-322

_____

**HECTOR SANCHEZ-TORRES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

March 16, 2023

PER CURIAM.

Hector Sanchez-Torres appeals the circuit court's order summarily denying his successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851. For the reasons explained below, we affirm.[1]

_____

1. We have jurisdiction. _See_ art. V, § 3(b)(1), Fla. Const.

## BACKGROUND

In 2008, Sanchez-Torres and his coperpetrator, Markeil Thomas, robbed and killed Erick Colon as he was walking home.[2] The pair left Colon's body on the sidewalk, where it was discovered a few hours later with a single shot through the head. Colon's cell phone and wallet were gone.

Weeks later, Sanchez-Torres's younger sister found an unfamiliar cell phone and called the contact listed as "mom." A distraught woman answered and explained that the phone had belonged to her murdered son. The sister hung up and described the exchange to her mother, who then contacted the police. Eventually, Sanchez-Torres confessed to the murder but offered inconsistent statements as to who fired the fatal shot.

Sanchez-Torres was convicted of armed robbery and first-degree murder, and was sentenced to death for the murder. Importantly, in imposing sentence, the court did not rely on a triggerman finding. In its sentencing order, the court clarified that

---

2. The facts of the crime are detailed in our decision affirming Sanchez-Torres's convictions and death sentence on direct appeal. *See Sanchez-Torres v. State,* 130 So. 3d 661 (Fla. 2013).

it "[wa]s not making a finding that Defendant, in fact, was the person who shot Eric[k] Joel Colon" and that it had not "relied upon the inference that Defendant may have been the triggerman as an aggravating factor justifying the death penalty." Sent'g Ord. at 13. Instead, it gave great weight to two aggravators—"none of which [we]re based on Defendant's triggerman status," *id.*—to justify the sentence: that the murder had occurred during a robbery, and that Sanchez-Torres had confessed to and been convicted of another murder. On direct appeal, we affirmed the convictions and death sentence. *Sanchez-Torres v. State*, 130 So. 3d 661, 676 (Fla. 2013). We later affirmed denial of Sanchez-Torres's initial postconviction motion and denied habeas relief. *Sanchez-Torres v. State*, 322 So. 3d 15, 24 (Fla. 2020).

Sanchez-Torres then filed the successive motion at issue here. In the motion, he sought vacatur of his death sentence based on alleged newly discovered evidence that pertained exclusively to his coperpetrator, Thomas. Thomas was a minor at the time of the murder and therefore ineligible for the death penalty. He was originally sentenced to life without parole but, following changes to juvenile sentencing law, was resentenced to a term of years with

- 3 -

periodic review.[3]  At his resentencing hearing, Thomas's antisocial personality disorder diagnosis and violent juvenile record—as well as the fact that he had once confessed to being the triggerman but later recanted—came to light.

Sanchez-Torres argued that the information should be treated as newly discovered evidence entitling him to relief.  He made two substantive claims premised on an assumption that Thomas was the shooter: first, that under the doctrine of relative culpability, Thomas's term-of-years sentence rendered Sanchez-Torres's death sentence unconstitutional; and, second, that the "newly discovered evidence" now mitigated his death sentence.

The trial court concluded that the motion was untimely because the information was not, in fact, newly discovered evidence. The court went on to rule on the merits that neither claim warranted relief.  This appeal followed.

---

3.  Thomas's resentencing was required under *Miller v. Alabama*, 567 U.S. 460 (2012), *Montgomery v. Louisiana*, 577 U.S. 190 (2016), and Florida's updated juvenile sentencing statute, section 921.1402, Florida Statutes (2016).

## ANALYSIS

We need not address the trial court's timeliness analysis because we agree with the trial court's findings on the merits. We consider each of Sanchez-Torres's merit-based arguments in turn. Under our long-settled precedent, we analyze newly discovered evidence using the two-prong framework established in *Jones v. State*, 591 So. 2d 911 (Fla. 1991), and *Jones v. State*, 709 So. 2d 512 (Fla. 1998).

### A.    Relative Culpability

The first argument turns on Sanchez-Torres's assertion that the evidence presented at Thomas's resentencing hearing showed that Thomas—not Sanchez-Torres—was the shooter. To support that factual claim, Sanchez-Torres points to Thomas's antisocial personality disorder diagnosis, record of juvenile violence, and recanted confession to shooting Colon.

Starting from the premise that Thomas was the shooter (and therefore more culpable), Sanchez-Torres argues that his death sentence, compared to Thomas's term-of-life sentence, is disproportionate under relative culpability principles. Sanchez-Torres asserts that, because Thomas's alleged triggerman status

was unknown to the trial court at the time of sentencing, the Court must consider it now. The State responds that *Lawrence v. State*, 308 So. 3d 544 (Fla. 2020), bars this claim because relative culpability is a component of proportionality review. In *Lawrence*, we held that the conformity clause in article I, section 17 of the Florida Constitution prohibits us from performing comparative proportionality review.

We do not need to resolve how far *Lawrence* extends because we have long held that relative culpability analysis does not apply when a coperpetrator is legally ineligible for the death penalty, including because of his age. *See Sanchez-Torres*, 130 So. 3d at 675 n.5 ("[Relative culpability] analysis is inapplicable here because codefendant Thomas was seventeen at the time of the crime and therefore ineligible for the death penalty."); *see also Bargo v. State*, 331 So. 3d 653, 665 n.6 (Fla. 2021); *Archer v. State*, 293 So 3d 455, 457 (Fla. 2020); *Farina v. State*, 937 So. 2d 612, 619 (Fla. 2006). The court committed no error in summarily denying this claim.

## B. Mitigation Evidence

Sanchez-Torres's next argument closely relates to the first. Sanchez-Torres contends that the "newly discovered evidence" mitigates his death sentence. Again, he assumes that that evidence proves Thomas was the shooter and, because it was unknown at sentencing, now has mitigating effect. But Sanchez-Torres fails to acknowledge that the sentencing court declined to premise the death penalty on a triggerman finding. On the contrary, the court clearly explained that it did not make a finding or rely on an inference as to who shot Colon. Instead, the sentencing court found that independent aggravators counseled in favor of the death penalty, including that the murder had occurred during a robbery and that Sanchez-Torres had been convicted of another murder. The court was right to summarily deny this claim.

## CONCLUSION

For the reasons stated above, we affirm the circuit court's order summarily denying Sanchez-Torres's successive motion for postconviction relief.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
LABARGA, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Clay County,
    John H. Skinner, Judge
    Case No. 102009CF000671000AMX

Robert S. Friedman, Capital Collateral Regional Counsel, and Karin L. Moore, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

    for Appellee